UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THOMAS PASSERO, LAURA KATZENBERGER, PROSTHETIC AND ORTHOTIC ASSOCIATES, INC., HANDSPRING REHABILITATION, LLC, and HANDSPRING MANAGEMENT COMPANY, INC.,

Plaintiffs,

-against-

MARK FORD and RANDOLPH SCHMITKE,

Defendants.

Civil Action No. 20-cv-5631

COMPLAINT

---

Plaintiffs Thomas Passero ("Passero"), Laura Katzenberger ("Katzenberger"), Prosthetic and Orthotic Associates, Inc. ("POA"), Handspring Rehabilitation, LLC ("Handspring"), and Handspring Management Company, Inc. ("Handspring Management", and together with POA and Handspring, sometimes referred to hereinafter as the "Companies"), by their attorneys Derfner & Gillett, LLP, as and for their Complaint against defendants Mark Ford ("Ford") and Randolph Schmitke ("Schmitke") allege as follows:

## Jurisdiction

1. Plaintiffs allege a case of actual controversy and seek declaratory relief as detailed below.

1

2. The Court has diversity jurisdiction pursuant to 28 USC §1332. There is complete diversity of citizenship between the Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000.

### The Parties

3. Plaintiffs are citizens of the State of New York; Ford is a citizen of the State of Ohio; Schmitke is a citizen of the State of North Carolina.

4. Passero and Katzenberger are officers and directors of POA and Handspring Management, and members of Handspring, and are authorized to commence the instant action on behalf of the Companies.

### Venue

5. A substantial part of the events or omissions giving rise to the claims occurred, and/or a substantial part of property that is the subject of the action is situated, in Orange County, New York.

### The Claim

6. Plaintiffs and Defendants are all the parties to a Stock Purchase and Redemption Agreement dated as of January 1, 2017, structured as a management buy-out of a portion of Passero's majority ownership interests in the three related Companies (the "MBO"). A true and complete copy of the MBO is annexed hereto as Exhibit "1", and hereby incorporated by reference herein.

7. The purpose of the MBO was to create a vehicle to facilitate Passero's retirement from the management and operations of the Companies.

8. The MBO provides, *inter alia*, that Ford, Schmitke and Katzenberger (each a "Purchaser") will purchase from Passero, as Seller, shares of common stock in POA, a New York corporation; membership units in Handspring, a New York limited liability company; and shares of common stock in Handspring Management, a New York corporation; all headquartered in Orange County New York, on terms and conditions set forth in the MBO (the "Cross-Purchase Obligation").

### Lack of Material Terms Renders the MBO Unenforceable.

9. MBO paragraph (1) (b) provides, in relevant part:

"On each of April 1, 2018, April 1, 2019, and April 1, 2020 (each a 'Cross-Purchase Date'), each Purchaser hereby covenants to apply and assign all Distributable Cash allocated to him or her to such Purchaser's outstanding Cross-Purchase Obligation. 'Distributable Cash' is defined as the Companies' net earnings before interest and taxes ('Net EBIT') for the calendar year immediately prior to the applicable Cross-Purchase Date."

10. MBO paragraph (1) (d) provides, in relevant part:

"If on April 1, 2020, a Purchaser has not satisfied his or her Cross-Purchase Obligation in full, such Purchaser shall execute a promissory note in favor of Seller in an amount equal to the value of the respective Remaining Shares computed as of January 1, 2020, substantially in the form attached hereto as Exhibit 'C' ('Promissory Note')."

11. The Promissory Note annexed to the MBO as Exhibit C has blank spaces for (*inter alia*) the number of monthly installments that would define the term of the Promissory Note, and the applicable interest rate.

12. The Promissory Note is not payable on demand or at a definite time.

13. The Promissory Note is not for a sum certain.

14. The Promissory Note is missing material terms which render it unenforceable.

15. The Purchasers have not executed and delivered to Passero any Promissory Note in the form annexed to the MBO as Exhibit "C".

**The Parties Acknowledged the Termination of the MBO**

16. In or around December 2018, Ford resigned his position as president of POA, Handspring and Handspring Management and acknowledged the termination of the MBO.

17. As a result if his resignation, Ford was no longer entitled to receive Distributable Cash, thus could not "apply and assign all Distributable Cash allocated to him…to [his]…outstanding Cross-Purchase Obligation" as required by MBO paragraph 1(b).

18. None of the Purchasers have applied or assigned any Distributable Cash to Purchasers' cross purchase obligations as required by the MBO.

19. After Ford's resignation, Passero, Katzenberger and Schmitke all acknowledged termination of the MBO.

20. In connection with his resignation as president of the Companies, Ford caused all his authority, duties and obligations as president of the Companies to be transferred to others, leaving him with no further responsibilities to the Companies.

21. After termination of the MBO, Ford began competing with the Companies by marketing himself as a consultant in the prosthetics and orthotics industry.

22. As partial consideration for the MBO, Schmitke agreed that he would report to POA's offices in Orange County, New York not less than one day each month in order to fulfill his obligations as Chief Financial Officer of the Companies.

23. After termination of the MBO, Schmitke acknowledged said termination and no longer reported to POA's offices in Orange County, New York, on a monthly basis or otherwise.

24. Passero detrimentally relied upon the parties' acknowledgement that the MBO was terminated by (a) abandoning his plan to retire from active management of the Companies; (b) returning to active management of the Companies; (c) loaning the Companies not less than $200,000 to enable continued operations of the Companies; (d) agreeing to severance payments to Ford and payment of his family health insurance premiums; and (e) continuing to lease to POA office space in Orange County, New York beneficially owned by Passero, on preferential terms, benefitting POA to the economic detriment of Passero.

25. In or about August 2019, following termination of the MBO, third parties expressed interest in acquiring the Companies (the "Prospective Sale").

26. In response to the Prospective Sale, and sensing a windfall for their benefit, Ford and Schmitke reversed their position and claimed that the MBO was still operative and that they have the right to acquire a majority of Passero's shares and membership interests at an artificially low price, without cash payment, by delivering Promissory Notes in the form annexed to the MBO as Exhibit "C".

27. The value of Passero's shares and membership interests claimed by Ford and Schmitke have a value in excess of $75,000.

28. If Ford and Schmitke are permitted to purchase Passero's equity position pursuant to the valuation formula they claim to be applicable, Passero will suffer direct economic damage in excess of $75,000.

29. The dispute as to enforceability of the MBO has created uncertainty concerning the ownership and management of the Companies, causing the value of Katzenberger's equity interest in the Companies to decrease in an amount exceeding $75,000, causing Katzenberger economic harm in excess of $75,000.

30. If the MBO is enforced, Ford and Schmitke will be unjustly enriched.

### Demand for Relief

**WHEREFORE**, plaintiffs Thomas Passero, Laura Katzenberger, Prosthetic and Orthotic Associates, Inc., Handspring Rehabilitation, LLC, and Handspring Management Company, Inc. respectfully request a declaration that:

I. The MBO is unenforceable due to the absence of material terms in the Promissory Note; or

II. The MBO has been terminated by the acts and admissions of the parties, and is of no further force or effect; or

III. As a result of inducing Passero to (1) change his plans to retire and return to active management of the companies, (2) lend money to the companies to provide liquidity, and (3) confer other valuable benefits upon the Companies, all in detrimental reliance upon Defendants' acts and declarations that the MBO was

terminated, Defendants are estopped from purchasing Passero's equity interests pursuant to the MBO;

together with allowable costs and disbursements, and such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          July 21, 2020

>                    DERFNER & GILLETT, LLP
>
>                    By:/s/ Donald A. Derfner
>                         Donald A. Derfner
>                         David P. Gillett
>                    Attorneys for Plaintiffs Thomas Passero,
>                    Laura Katzenberger, Prosthetic and Orthotic
>                    Associates, Inc., Handspring Rehabilitation,
>                    LLC, and Handspring Management
>                    Company, Inc
>                    60 East 42nd Street, Suite 2527
>                    New York, New York 10165
>                    Tel (212) 697-8100